## WAYNE NORTHINGTON V. THE STATE.

### No. 9747.   Delivered January 27, 1926.

**Sale of Intoxicating Liquor—Wife as Witness—Cross-Examination—Improper.**

When the wife of appellant is used by him as a witness it is not permissible for the state on cross-examination to prove facts of an incriminating character against her husband which were not inquired into on her direct examination. Matters not inquired of on her direct examination, or which are not so intimately or directly connected with any facts testified to by her on her direct examination as to make them the legitimate subject of inquiry on cross-examination should not be permitted.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Ritchie & Ranspot* of Mineral Wells, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This appeal is from a conviction in the District Court of Palo Pinto County for the unlawful sale of intoxicating liquor, punishment being fixed at one year in the penitentiary.

In our view of the case it is not deemed necessary to discuss but one complaint. Appellant's wife was a witness in his behalf and testified only to the fact that on the date the state witness claimed the sale occurred, she and her husband lived at a different place from that testified to by said state witness as the place of purchase. She also testified that her husband was not at home on the date of said sale, which was claimed to be the 25th of January, 1925—that he left home about the 20th of January and did not return until in February. She further testified that defendant did not sell any liquor to anybody at the house which they had vacated. On cross-examination the state went into the matter of her husband making an effort to escape from the officers and to run away at the time of his arrest, and asked her if he did not run off when they arrested him, if he did not tell the constable good bye and start off, and if she did not say to her husband, "Stop, don't run", and if she did not hollo at her husband to stop when the constable drew his gun. These were not matters about which the witness gave testimony on her direct examination, nor were they so intimately or directly connected with any facts testified to by her on her direct examination as to make them the legitimate subject of inquiry on cross-examination. This appeared to be entirely new matter. While she answered that she made no such statements, still the state was permitted to introduce the constable who arrested appellant and this witness testified for the state in its rebuttal that appellant did start to run, and that appellant's wife made the statements which she had denied making. Under all the authorities we are led to believe that it was not competent for the state to elicit over objection, this testimony from appellant's wife, or to impeach her by proof so made.

It also appears in the record that the State elicited from this witness on cross-examination some testimony in regard

to taking appellant's glasses up to him while he was in jail, and the fact that he could not read without his glasses, and that he did not have them on when they brought him to Palo Pinto to jail, and that she brought them up there to him. We think while this testimony does not appear to be very material, that it was not competent, and we observe complaint in one bill of exceptions of the argument of the district attorney relative thereto. It is set out in the bill referred to that while the district attorney was arguing the case he said to the jury: "Those glasses were recently put on for the purpose of this trial; he did not wear glasses when he was arrested and brought to Palo Pinto. There is nothing the matter with his eyes and those glasses do not help him to see. You can see that they are just plain glasses." It is urged that this was not a discussion of the testimony, nor the presentation of any fair inference therefrom, but was a statement of facts dehors the record. It will not likely occur upon another trial.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*